**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     OSAMA M. EL-ATARI | ) | Case No. 09-14950-BFK |
| | ) | Chapter 7 |
|         Debtor | ) | |
| | ) | |
| KEVIN R. MCCARTHY, TRUSTEE | ) | |
| | ) | |
|         Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01428 |
| | ) | |
| CALIBRAX CAPITAL PARTNERS, LLC | ) | |
| | ) | |
|         Defendant | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion (Docket No. 16) for Default Judgment against Defendant Calibrax Capital Partners, LLC. The Plaintiff filed the Complaint on August 9, 2011, and seeks to (a) avoid the transfer of $335,000.00 that was made to the Defendant, pursuant to 11 U.S.C. § 548(a)(1)(B) (Count I); (b) recover the $335,000.00 in transferred funds, pursuant to 11 U.S.C. § 550(a) (Count II); and (c) disallow any claims held by the Defendant against the bankruptcy estate, pursuant to 11 U.S.C. § 502(d), because the Defendant failed to return the transferred funds to the Debtor's bankruptcy estate (Count III). There being proper service and no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted as to all three Counts, that a money judgment in the amount of $335,250.00 – representing the $350,000.00 in

transferred funds and $250.00 in costs incurred in filing this Adversary Proceeding – be entered for the Plaintiff, and that any claims held by the Defendant against the bankruptcy estate be disallowed until the judgment is paid.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984.  All three Counts are core proceedings under 28 U.S.C. § 157(b)(2).  However, because the Plaintiff seeks to augment the bankruptcy estate by the entry of a money judgment, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

### The Plaintiff's Motion for Default Judgment

This is one of approximately fifty four adversary proceedings filed by the Trustee in connection with this bankruptcy case.  Mr. El-Atari, the Debtor in this case, engaged in fraud on a massive scale; this much is undisputed.  He forged life insurance certificates and borrowed against them with various lending institutions.  Ultimately, he was found out, apprehended and charged with a number of federal offenses.  He plead guilty to two counts of bank fraud and was sentenced to twelve years in prison.  His restitution obligations exceed $54,000,000.00.

According to the allegations of the Complaint, the Debtor became insolvent "not later than December 2007, and has remained so to the present."  Complaint, ¶ 19.  On May 2, 2008, the Debtor transferred $350,000.00 to the Defendant "through the client escrow account of Reed

Case 11-01428-BFK    Doc 21    Filed 04/06/12    Entered 04/06/12 09:23:51    Desc Main
                    Document      Page 3 of 5

Smith LLP." *Id.* at ¶ 15.  Specifically, "the Debtor made the Transfer to [the] Defendant to satisfy an alleged obligation of Qtrax, Inc. to [the] Defendant." *Id.* at ¶ 16.

With regard to Count I, Avoidance of the Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B), the Plaintiff alleged that (a) the transferred funds were property of the Debtor, (b) the Debtor received less than a reasonably equivalent value in exchange for the transfer, (c) the Debtor was insolvent on the date of the transfer, (d) at the time of the transfer, the Debtor was engaged in a business for which any property remaining with the Debtor constituted an unreasonably small amount of capital, and (e) at the time of the transfer, the Debtor intended to incur debts that were beyond the Debtor's ability to repay.  Complaint, ¶¶ 22-26.

With regard to Count II, Recovery of the Avoided Transfer Pursuant to 11 U.S.C. § 550(a), the Plaintiff alleged that the Defendant was the initial transferee of the transfer.  *Id.* at ¶ 29.

Finally, with regard to Count III, Disallowance of Claims Pursuant to 11 U.S.C. § 502(d), the Plaintiff alleged that (a) the transfer is avoidable pursuant to Section 548(a)(1)(B), and (b) the value of the transfer is recoverable from the Defendant pursuant to Section 550(a).  *Id.* at ¶¶ 32-33.

On April 3, 2012, the Court held a hearing on the Plaintiff's Motion for Default Judgment.  The Plaintiff was present by counsel.  The Defendant failed to appear at the hearing. Pursuant to Federal Rules of Bankruptcy Procedure 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."  The Court finds that the Summons was properly served on the Defendant, and that the Defendant failed to file an Answer in accordance with Rule

7012.  Docket No. 5.  The Court further finds that the amount sought is for a sum certain. Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted as to all three Counts, that a money judgment in the amount of $350,250.00 (representing the $350,000.00 in transferred funds and $250.00 in costs incurred in filing this Adversary Proceeding) be entered for the Plaintiff, and that any claims held by the Defendant against the bankruptcy estate be disallowed until the judgment is paid.

## Conclusion

For the reasons stated above, the Court recommends that the Plaintiff's Motion for Default Judgment be GRANTED as to all three Counts, that a money judgment in the amount of $350,250.00 be ENTERED for the Plaintiff, and that any claims held by the Defendant against the bankruptcy estate be DISALLOWED until the judgment is paid.  The Defendant is notified that Rule 9033(b) provides as follows:

> Objections: Time for Filing. Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all the parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

Fed.R.Bankr.P. 9033(b).  The Court will issue an Order making the foregoing recommendation to the District Court.

Date: _____
Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Kevin R. McCarthy, Esquire
McCarthy & White, PLLC
1751 Pinnacle Drive #1115
McLean, VA 22102
Plaintiff

Stephen E. Leach, Esquire
Leach Travell Britt, PC
8270 Greensboro Drive
Suite 1050
McLean, VA 22102
Counsel for the Plaintiff

Calibrax Capital Partners, LLC
c/o Vince Molinari, Registered Agent
157 Main Street, Cold Spring Harbor, NY 11724
Defendant